# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

DONALD R. FLOYD                                                                                           PLAINTIFF

v.                                                     CIVIL ACTION NO. 4:16CV-34-JHM

GIBBS DIE CASTING SYNCHRONOUS PLANT *et al.*            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Donald R. Floyd filed a *pro se* complaint alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA). He also filed his right-to-sue letter issued by the Equal Employment Opportunity Commission (DN 5).

Because Plaintiff is proceeding *in forma pauperis*, this Court is required to screen the complaint in accordance with 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons stated herein, the Court will allow Plaintiff's claims to proceed against Defendant Gibbs Die Casting Synchronous Plant and dismiss his claims against the other Defendants.

## I.

Plaintiff sues the following Defendants: Gibbs Die Casting Synchronous Plant; Jeff Sutton, whom he identifies as the Second Shift Plant Manager; Troy Clark, whom he identifies as the Floor Team Supervisor; and Roman Bushrod, whom he identifies as the Plant Manager. Plaintiff alleges that he was "discharged from my job because I am a black male and because of my age and was the victim of retaliation." He also states as follows:

> Troy Clark created a hostile and intimidating working environment for threating to get me fired for no reason than my race and age. . . . Jeff Sutton terminated my employment in a retaliatory act based solely on my race, and I had no write ups for any violation of any company rules. Roman Bushrod was the plant manager and refused to stop the racial biasness that was inflicted against me. Promoted unequal terms and condition of my employment.

## II.

On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Upon review of the complaint, the Court will allow Plaintiff's claims to proceed against Defendant Gibbs Die Casting Synchronous Plant.

However, Plaintiff's claims against Defendants Sutton, Clark, and Bushrod must be dismissed. "Title VII provides that 'it shall be an unlawful *employment* practice for an *employer*' to discriminate on the basis of race, color, religion, sex, or national origin. A person aggrieved by such discrimination may bring a civil action against the '*employer*.'" *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) (citing 42 U.S.C. §§ 2000e-2(a), 2000e-5(b)) (emphasis

added). "[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Id.* The *Wathen* "decision has been extended to the ADEA[.]" *Richardson v. CVS Corp.*, 207 F. Supp. 2d 733, 743 (E.D. Tenn. 2001); *Wilding v. Thompson*, No. 3:12-CV-00774-CRS, 2014 U.S. Dist. LEXIS 6075, at *9 (W.D. Ky. Jan. 17, 2014) ("Thompson, as an individual employed by the Kentucky Department of Corrections, cannot be individually liable under the ADEA because the Sixth Circuit has interpreted the ADEA to preclude suits against individuals.").

None of the facts alleged in the complaint, even liberally construed, suggest that Defendants Sutton, Clark, and Bushrod are "employers" as contemplated under Title VII. Therefore, Plaintiff's Title VII and ADEA claims against Defendants Sutton, Clark, and Bushrod must be dismissed for failure to state a claim upon which relief may be granted.

### III.

For the foregoing reasons, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against Defendants Sutton, Clark, and Bushrod are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may granted.

The Clerk of Court is **DIRECTED to terminate** these Defendants as parties to this action.

The Court will enter a separate Order directing service on Defendant Gibbs Die Casting Synchronous Plant.

Date: August 23, 2016

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4414.010